# No. 25-20068

---

In the United States Court of Appeals

for the Fifth Circuit

JOHN E. HALL
PLAINTIFF-APPELLANT

 V.

EXPERIAN INFORMATION  SOLUTIONS,INCORPORATED; UNKNOWN
HOUSTON POLICE INTERNAL  AFFAIRS INVESTIGATOR; JEFFERSON
CAPITAL COLLECTION AGENCY; IC SYSTEMS; EASY PAY LOANS;
NEWMAN BOOK PUBISHING; CARLOS SUAZO;  JUDGE L. KORDUBA;
DEPARTMENT OF EDUCATION;   CITY OF PEARLAND; JOAQUINA
SPIKES; CITY OF HOUSTON; NATIONAL AUTO GROUP; ELISSA
MOHAMMED;  CREDIT ACCEPTANCE ,
DEFENDANTS - APPELLEES

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON, TEXAS

---

BRIEF OF APPELLANT

---

John E. Hall, Pro Se Appellant
17818 Running Brook Ln
Spring, Texas 77379
Telephone No. 832-886-9370

# CERTIFICATE OF INTERESTED PERSONS

"The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal."

1) Plaintiff -Appellant

   John E. Hall,

2) Defendants -Appellees

On February 20, 2025, the district court entered a sua sponte dismissal with prejudice. No defendant responded to the operative pleading. Therefore, there is no adversarial record that exists. Any previous dismissal motions filed by defendants are moot in this appeal. Appelles are  beneficials of the sua sponte dismissal entered by the district court. Plaintiff claims that the judgment was procedurally flawed and based on fraud. Plaintiff claims the judgment included fabricated docket rulings, improper ex parte communication, judicial bias, and using outside information not in the record which constitutes fraud on the court.

Respectfully submitted on June 12, 2025

/s/  John E. Hall, Pro Se Appellant

17818 Running Brook Ln. , Spring, Tx. 77379

Email: Jayearl2007@yahoo.com

**III.**      **STATEMENT REGARDING ORAL ARGUMENT**

Plaintiff -Appellant " requests oral argument because the legal issues

presented involve constitutional questions and the proper interpretation

of statutory provisions."

**IV.**        **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS.........................................................2

STATEMENT REGARDING ORAL ARGUMENT...............................................3

TABLE OF CONTENTS ………………………….….….……………4-6

TABLE OF AUTHORITIES…………………………...........................................7-11

JURISDICTIONAL STATEMENT......................................................................11

STATEMENT OF CONTINUOUS TORT ISSUES PRESENTED…….............12-13

APPELLATE ISSUES..........................................................................................14

A.PREFACE: ABILITY to ARTICULATE LEGAL ERROR ON APPEAL……14

B. APPELLATE ISSUES……….…………………………………………14-26

STATEMENT OF THE CASE..........................................................................27-29

SUMMARY OF THE ARGUMENT................................................................29-32

Standard of Review……………………………….……………………..…….33

Motion to Dismiss
……………………………………….………………….………………33

XI. APPELLANT ARGUMENTS.......................................................................33

A. Judicial Bias and Sua Sponte Dismissal 12(B)(6).......................................33-36

B. The District Court's Sua Sponte Dismissal with Prejudice Violated Established Fifth Circuit Standards and Deprived Plaintiff of Procedural and Substantive Due Process....................................................................................................36-43

C. Fabricated Evidence, Civil Rights Claims, and Fraud on the Court which Vitiates the Judgment....................................................................................43-45

D. Non-Judicial Acts and Eliminate Judicial Immunity...............................45-47

E. Legal Standard Under Rule 12(b)(6) and Fraudulent Concealment……...47-51

F. The District Court's Sua Sponte Dismissal with Prejudice Was an Improper Conversion to Summary Judgment in Violation of Rule 12(d), Due Process, and the Right to Discovery......................................................................................51-57

G. Rico Claim:  Government -Sanction Conspiracy to Obstruct Justice and Deprivation of Civil Rights in Violation of 18 USC 1961-1964 ………..…..57-69

H. Fraudulent Concealment of Material Records and 42 USC 1985(2)(3) ………………………………………….....................................................69-73

I. The Perfect Storm: Judicial Bias, Violating 28 USC 351(a), Denying Evidence Hearing, Joint Discovery Stay Abuse, 5th Amendment Violation……………73-80

J. Houston Police Code of Silence ………………………………..……80-81

K. Impropriety of Sua Sponte Dismissal Without Appellees' Response to Amended

Complaint …………………………………………………………….…....…81-86


CONCLUSION ……………………………………………………….…………86-88

## V.    TABLE OF AUTHORITIES

1.Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439 (5th Cir. 1999)................49

2. Armstrong v. Manzo, 380 U.S. 545 (1965)....................................................23, 79

3. Ashcroft v. Iqbal, 556 U.S. 662 (2009)..................................16,22, 34, 35, 47, 50

4. Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473 (5th Cir. 1991)......................25

5. Barrs v. Sullivan, 906 F.2d 120 (5th Cir. 1990)......................................23, 38, 49

6. Bazan v. Hidalgo County, 246 F.3d 481 (5th Cir. 2001).........................19, 21, 39

7. Bazrowx v. Scott, 136 F.3d 1053 (5th Cir. 1998).....................................43, 54, 90

8. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)............................16, 34, 47, 50

9. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)...........................53

10. Bounds v. Smith, 430 U.S. 817 (1977)..................................................................35

11. Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009)................................85, 86

12. Board of Regents v. Roth, 408 U.S. 408, U.S. 564 (1972)........17, 19, 20, 24, 41

13. Brown v. Texas A&M Univ., 804 F.2d 327 (5th Cir. 1986).........................16, 54

14. Brown v. United States, 653 F.2d 196 (5th Cir. 1981)................................43, 54

15. Burns v. Harris County Bail (5th Cir.1988).........................................................28

16. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)............................34, 51

17. Carver v. Atwood, 18 F.4th 494 (5th Cir. 2021)..................................................36

18. Chambers v. NASCO, Inc., 501 U.S. 32 (1991)..................................................30

19. Christopher v. Harbury, 536 U.S. 403 (2002)...............................67, 83

20. Clark v. Tarrant Cnty., 798 F.2d 736, 740 (5th Cir. 1986)................................27

21. Codd v. Velger, 429 U.S. 624 (1977)....................................................21

22. Conley v. Gibson, 355 U.S. 41 (1957)...........................................22, 50

23. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980).............17, 25, 26

24. Dayco Corp. v. Goodyear Tire & Rubber Co., 23 F.2d 389 (6th Cir. 1975)......28

25. Dennis v. Sparks, 449 U.S. 24 (1980).........................................19, 46

26. Dominguez v. Gulf Coast Marine & Associates, 607 F.3d 1066, 1073 (5th Cir. 2010)...............................................................................26, 77

27. Eldredge v. Martin Marietta Corp., 207 F.3d.737 (5th Cir. 2000)...................52

28. E.F. Huffon Southwest Properties, LLC, 953 F. 2d. 963 (5th Cir. 1992).........72

29. Enron Corp. Sec., Derivative ERISA Litigation., 2004 WL 405886 (S.D.Tex. 2004)........................................................................................72

30. Erickson v. Pardus, 551 U.S. 89 (2007)...........................................58

31. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278 (5th Cir. 1993)...17,25, 37, 54, 73, 78, 82

32. Forrester v. White, 484 U.S. 219 (1988)..................................14, 24, 46

33. Gorman v. Wolpoff & Abramson LLP (9th Cir. 2009)......................................26

34. Greenlaw v. United States, 554 U.S. 237 (2008)........................................46, 85

35. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).17, 23, 45,

36. Hickman v. Taylor, 329 U.S. 495 (1947)...............................................18, 19, 56,

37. Hobbs v. Hawkins, 968 F.2d 471, 480–81 (5th Cir. 1992)...............................65

38. In re Netflix Antitrust Litig., 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007)........55

39. Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986)..........................................33

40. Jaso v. The Coca Cola Co., 435 F. App. 346, 356, (5th Cir., 2011)..................70

41. Kennedy v. Great Atlantic Pacific Tea Co., (5th Cir.1977)...............................52

42. Khurana v. Innovative Health Care Sys., Inc., 130 F.3d 143 (5th Cir. 1997)....20

43. King v. Dogan, 31 F.3d 344 (5th Cir. 1994)......................................................25

44. LaChance v. Erickson, 522 U.S. 262 (1998)......................................................21

45. Landry v. Air Line Pilots Ass'n Int'l, 901 F. 2d. 404, 435 (5th Cir. 1990).......75

46. Liteky v. United States, 510 U.S. 540 (1994)..............................................36, 53

47. Lozano v. Ocwen Fed. Bank, 489 F.3d 636 (5th Cir. 2007)............17, 40, 49, 87

48. Lormand v. U.S.wired, Inc. 565 F. 3d. 228 (5th Cir. 2009)...............................49

49. Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018)...............................67

50. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)........................................49

51. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).........................................24, 83

52. McCoy v. Energy XXI GOM, LLC, 695 F. App'x 750, 751 (5th Cir. 2017)....57

53. Miller v. Sam Houston State Univ., 986 F.3d 880 (5th Cir. 2021).....................36

54. Moody v. Farrell, 868 F.3d 348 (5th Cir. 2017).................................................44

55. Paul v. Davis, 424 U.S. 693 (1976)..........................................17, 20, 41, 45, 61

56. Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983)..........................................41, 67

57. Sanchez v. City of Austin, 74 F.3d 1181 (5th Cir. 1996)....................................49

58. Saucier v. Katz, 533 U.S. 194 (2001)...............................................................50

59. Scanlan v. Texas A&M Univ., 343 F.3d 533 (5th Cir. 2003).................54, 73, 78

60. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)...............18, 20, 23, 58, 65

61. Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999)...........................................17

62. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).........................................47

63. Taylor v. Texas Dep't of Crim. Justice, No. 22-40706, 2023 WL 3378314, at *3
(5th Cir. 2023)........................................................................................................57

64. TestMasters Educational Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir.
2005)................................................................................................................42, 43

65. United States v. American Ry. Express Co. , 265 U.S.425 (1924)..............83, 84

66. United States v. Beggerly, 524 U.S. 38 (1998). ……..…………………….....85

67. United States v. Elliott, 571 F.2d 880 (5th Cir. 1978)........................................69

68. United States v. Nora (5th Cir. 2021).................................................................72

69. United States v. Phillips, 219 F.3d 404, 417–18 (5th Cir. 2000)......................67

70. United States v. Sciuto, 521 F.2d 842 (7th Cir. 1975).......................................36

71. United States v. Sineneng-Smith, 140 S. Ct. 1575 (2020).........16, 20, 21, 32,46

72. United States v. Throckmorton, 98 U.S. 61 (1878)...........................................85

73. Weaver v. Texas Capital Bank, 660 F.3d 900 (5th Cir. 2011).....................23, 56

74.  Wells v. Continental Illinois Nat'l Bank & Trust Co., 641 F. 2d 47 (7th Cir. 1981)..................................................................................................................29

75. Wisconsin v. Constantineau, 400 U.S. 433 (1971)..........................................68

76. Wooten v. McDonald Transit Assocs., 788 F.3d 490 (5th Cir. 2015)................56

## VI.                 JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. 1291, as the district court issued a final judgment dismissing the case with prejudice sua sponte for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court 's order was entered on February 20, 2025, and Appellant timely filed a Notice of Appeal on February 26, 2025 pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).This Court has jurisdiction over issues pertaining to federal questions under 28 U.S.C. 1331.

## VII. STATEMENT OF CONTINUOUS TORT ISSUES PRESENTED

Plaintiff claims that the overriding issue in this lawsuit is that he has been deprived of his constitutional rights based on a stigma plus conspiracy orchestrated by the Houston Police Internal Affairs Division as post-employment retaliation for reporting police and judicial misconduct (ROA.1351). For 30 years, the Internal Affairs Division placed negative information in my internal affairs file without my knowledge under color of law. I have produced affidavits by officers claiming that members of the police department claimed that I was mentally unfit for duty despite contravening medical records (ROA.1381; ROA.1386; ROA.1409).

 I filed lawsuits to clear my name but the Police Department and the Courts continued to deny me my IAD file. On several occasions, officers informed me that I was "blacklisted". Over a 30 year period, I mailed out over 100 applications until I became depressed over the rejection. On Oct. 3, 2022, I discovered that the internal affairs division had my payroll flagged with false HIPPA information used to deny me employment and stigmatize my reputation (ROA.1379). Instead of the City of Houston releasing my internal affairs file, they would produce fabricated records and fabricated legal opinions to deny me access to my files (ROA.1370-1372). When I filed a lawsuit against the City of Houston, the federal judges participated in the conspiracy by depriving me of the records that supported

my stigma plus claims.The current Judge, is the latest, in depriving me of my internal affairs records which will  validate the stigma plus smear conspiracy and the economic retaliation.

On February 20, 2025, Judge Ellison continued the "continuous tort violation conspiracy" by dismissing plaintiff's lawsuit for failure to state claims due to insufficient facts. Plaintiff claims that the issues on appeal arise from the district court engaging in procedural rule violations, obstructing justice, failing to fairly adjudicate all claims, and depriving Plaintiff of equal protection under the law based on racial animus, political retaliation, and judicial bias. Plaintiff claimed that over a 30-year period, the Houston Police Internal Affairs Division has acted as a rogue enterprise operating by a code of silence in violation of RICO and civil rights statute(s) using economic retaliation to deter me from having my claims hear which as resulted in deprivation of constitutional rights: first amendment, 14th amendment and 5th amendment rights.

The pattern of continuous retaliatory torts are done in conjunction with a police code of silence where the City of Houston policy makers, police chiefs and Mayors participated in the conspiracy by encouraging internal affairs officers to conduct illegal surveillance via unauthorized pen registers, illegal wiretaps, phone GPS Monitoring, and flagging appellant's payroll since 1995. The economic retaliate

is meant to deter the plaintiff from having his rights heard. As part of the cover up,

the City of Houston has engaged in the fabricated legal opinion to deny plaintiff his

Internal affairs files since 1995. In addition to City of Houston,  **all defendants**

 have engaged in some aspect of fraud (ROA.645).


## VIII. APPELLATE ISSUES

## A.PREFACE: ABILITY to ARTICULATE LEGAL ERRORS on APPEAL

Appellant respectfully submits that judicial notice is warranted. When the district

court failed to certify all claims under Rule 54(b), plaintiff claims that this act

jeopardized his appeal. The district court's failure to conduct a factual analysis on

each claim on each merit has resulted in a "read my mind" approach to this appeal.

The failure to adjudicate each cause of action on its merits, coupled with the

constitutional omission of adversarial participation, has prejudiced Appellant's

ability to frame and preserve legal error for appellate review. This procedural issue

has created a structural deficiency that obstructs the plaintiff's path to ensure

meaningful appellate review. The absence of a claim analysis forces one to

speculate. The following appellate issues reflect possible issues.

## B.   APPELLATE ISSUES

1.   Whether the district court  violated appellant's due process rights by failing to hold evidentiary hearings, May 31, 2018 fabricated record, to authenticate fabricated evidence and false government records prior to sua sponte dismissal.

2.   Whether the district courts have enabled the continuous tort violation theory by allowing government officials to conceal records in their possession without releasing them to Plaintiff to support his civil rights claims.

3.   Whether the district court's sua sponte decision emboldened defendants to **continue** the stigma plus smear conspiracy and the due process violation conspiracy, i.e. Judge Korduba violated Rule 18a(f)(1)(A) by failing to recuse, by failing to refer case to senior judge within three business days, by failing to file the recusal motion  under Rule 18a(f)(1) with the clerk , and by continuing to conduct court activities on June 4, 2025 when she lacked judicial authority pending the recusal resolution. **(ROA.126)(ROA.144-14).**

4.   Whether the district court's use of  outside pleadings material, City of Houston, May 31, 2018 fabricated evidence, **(ROA.615**), was used in his sua sponte decision and did the district court rule on its merit to avoid a due process violation.

5.   Whether the district court violated **F.R.C.P. 56(c)(1)(A)** by not affirming that the May 31, 2018 evidence was disputed evidence  on January 19, 2025.

6.    Whether the district court erred by failing to notify plaintiff in writing of his sua sponte dismissal intentions to dismiss the case for failure to state a claim.

7.    Whether the court violated the plausibility standard required under **Rule 8(a)(2),** requiring a short statement indicating Plaintiff is entitled to relief when the court issued a blanket dismissal. *Ashcroft v. Iqbal*, **556 U.S. 662 (2009);** *Bell Atl. Corp. v. Twombly*, **550 U.S. 544 (2007**).

8.    Whether dismissal was premature when material information was fraudulently concealed by Defendants (ROA.687; ROA.1239).

9.    Whether district court erred when Plaintiff's civil rights claims were dismissed prematurely at the pleading stage without an opportunity to develop them.

10.    Whether the district court applied a more stringent pleading standard on plaintiff civil rights claims.

11.    Whether the district court dismissal of claims with prejudice requires documentation of incurably deficiencies. *Brown v. Texas A&M Univ.*, **804 F.2d 327 (5th Cir.** 1986).

12.    Whether sua sponte decision violated the adversarial process. *United States v. Sineneng-Smith*, **140 S. Ct. 1575 (2020).**

13.    Whether fabricated FOIA orders (April 17, 2025) inserted into the court record constituted fraud on the court.

14.    Whether Plaintiff's stigma-plus claims were improperly disregarded without access to defendant's concealed records. ***Paul v. Davis*, 424 U.S. 693 (1976); *Board of Regents v. Roth*, 408 U.S. 564 (1972).**

15.    Whether the district court's failure to certify Rule 54(b) constitute a due process violation on February 20, 2025. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980).

16.    Whether sua sponte dismissal violates due process when all claims are not listed in the February 20, 2025 order. (*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).

17.    Whether the district court's refusal to hold an evidentiary hearing on claims of fabricated evidence constitute fraud on the court is reversible error. (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999)).

18.    Whether fabricating a FOIA motion and order constitutes a  non-judicial act on April 17, 2025. (*Forrester v. White*, 484 U.S. 219 (1988).

19.   Whether the district court erred when he dismissed defendants, Experian, Joaquina Spikes Winslow, Carlos Suazo, Judge Korduba, Jefferson Capital, Elissa Mohammed, and Credit Acceptance Corp. et tal, before they were served a new amended complaint.

20.   Whether dismissal of Plaintiff's civil RICO claims were deficient in their pleading standards (ROA.442-446) according to the sua sponte dismissal. (*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)).

21.   Whether district court denial of limited discovery in civil rights and fraud claims violated Plaintiff's due process rights (*Hickman v. Taylor*, 329 U.S. 495 (1947).

22.   Whether the district court prevented Plaintiff from pleading his "best case" by enforcing a joint discovery stay. (*Lozano v. Ocwen Fed. Bank*, 489 F.3d 636 (5th Cir. 2007)). (ROA.687).

23.   Whether the sua sponte dismissal violated Plaintiff's due process in accessing Internal Affairs files within defendant's possession which were critical to proving his stigma-plus claims.

24.   Whether the sua sponte dismissal was engineered to cover up incriminating evidence such as the October 3, 2022 discovery that plaintiff payroll had been

flagged with false HIPAA information from 1995. (ROA.94-96) supporting his stigma plus claims.

25.    Whether the district court sua sponte decision enabled fraudulent concealment of police misconduct and government records in violation of appellant's  due process rights .(***Hickman v. Taylor*, 329 U.S. 495 (1947)).**

26.    Whether the sua sponte dismissal of private actors who conspired with government officials was a constitutional due process violation: Joaquina Spikes Winslow,  Carlos Suazo, Elissa Muhammed, and Newman Springs. (***Dennis v. Sparks*, 449 U.S. 24 (1980)).**

27.    Whether Plaintiff was deprived of due process when the sua sponte dismissal failed to establish factual disputes and constitutions violations associated with defendants claims of qualified immunity that were relevant to his civil rights claims (***Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001)).**

28.    Whether Plaintiff's due process rights under the Fifth and Fourteenth Amendments were violated by denying evidence hearing related to stigma plus.(***Board of Regents v. Roth*, 408 U.S. 564 (1972)).**

29.    Whether the district court erred in dismissing a new complaint based on old dismissal motions.

30.    Whether the judicial fabrication of a FOIA order dated April 17, 2025

violated  the party presentation rule (***United States v. Sineneng-Smith*, 140 S. Ct.

1575 (2020)).**

31.    Whether the sua sponte dismissal violated plaintiff's due process in failing to

conduct a fact analysis regarding DOE FTCA negligent claims.

32.    Whether Plaintiff's Borrower Defense claims and facts warranted immediate

dismissal based on DOE negligence claims and DOE/Capella University fraud

which was prevented by a blanket sua sponte dismissal.

33.    Whether the sua sponte dismissal enabled the City's fraudulent concealment

of employment records which lead to deficient pleadings and a failure to state a

claim.

34.    Whether the sua sponte dismissal for failure to state a claim obstructed viable

stigma plus facts such as the Oct.3, 2022 payroll flagging   (***Paul v. Davis*, 424

U.S. 693 (1976); *Board of Regents v. Roth*, 408 U.S. 564 (1972)).(ROA.523).**

35.    Whether the sua sponte dismissal obstructed the development of viable civil

RICO claims (*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985); *Khurana v.

Innovative Health Care Sys., Inc.*, 130 F.3d 143 (5th Cir. 1997)).

36.    Whether Plaintiff plead sufficient facts to put defendants on notice of their misconduct and that he was entitled to relief.

37.    Whether the sua sponte dismissal violated plaintiff's due process rights by not adjudicating the QI test for government actors. (***Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001)).**

38.    Whether the district court erred when fabricating a FOIA motion and fabricating language attributed to plaintiff in violation of the party presentation rule and committed fraud on the court.(***United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)).**

39. Whether the *sua sponte* dismissal denied the plaintiff the right to a fair trial.

40. Whether the district court erred when a fact analysis was not conducted prior to dismissing Plaintiff's civil rights claims.

41. Whether the sua sponte dismissal violated plaintiff's due process by obstructing access to false information placed in his IAD files to support his stigma plus claims.

42. Whether the sua sponte dismissal obstructed a fact analysis enabling defendants to continue their fraudulent concealment of material and relevant information contained in the HPD internal affairs records which were denied despite the **Texas**

**Gov't Code § 552.023, in violation of *Codd v. Velger*, 429 U.S. 624 (1977); *Paul v. Davis*, 424 U.S. 693 (1976); *LaChance v. Erickson*, 522 U.S. 262 (1998).**

43. Whether the district court's granting of a joint discovery stay, conflating independent credit laws, and fraudulently concealing records was part of a conspiracy to deny plaintiff access to the court (ROA.1239).

44. Whether the court's denial of evidentiary hearings on fabricated evidence associated with plaintiff's stigma plus claims constitute a due process violation.

45. Whether the district court violated the Ashcroft v. Iqbal, 556 U.S. 662, (2009), legal standards and factual verification pleading requirements when conclusory comments were made without facts in the January 19, 2025 hearing, the **April 17, 2025 order**,  and the May 8, 2025 order. Judge Ellison misquoted credit laws at the January 19, 2025 hearing. Courts have affirmed that a general dispute is sufficient to trigger FCRA duties. (ROA.1327).

46. Whether the defendants listed on the appeal have legal standing to argue on the new amended complaint when they were  blocked by the district court's sua sponte decision if that decision was based on fraud.

47. Whether Plaintiff's amended complaint satisfies the minimal pleading threshold under **Rule 8(a)(2).** ***Conley v. Gibson***, **355 U.S. 41 (1957) for civil rights violations.**

48. Whether a *sua sponte* dismissal with prejudice without evaluating each civil rights claim independently warrants reversal. ***Barrs v. Sullivan***, **906 F.2d 120 (5th Cir. 1990).**

49. Whether the fabricated facts and unverified facts in the April 17, 2025, February 20, 2025, April 2,2025, and May 8, 2025 orders constitute **fraud on the court**. ***Hazel-Atlas Glass Co. v. Hartford-Empire Co.***, **322 U.S. 238 (1944).**

50. Whether the district court's dismissal with prejudice failed to follow case precedent in defining and applying the legal theory of res judicata. ***Weaver v. Texas Capital Bank***, **660 F.3d 900 (5th Cir. 2011).**

51. Whether Plaintiff's RICO claims should be reinstated due to newly discovered factual evidence arising during the post-dismissal, implicating judicial bias (Judge Korbuda and Carlos Suazo, small claims court, failure to recuse, June 4, 2025) and possible collusion between the judiciary and defendants,  i.e. (Fabricated FOIA Motion and Language, Rule 54(b) non-certificate, and mortgage fraud, i.e. Carlos Sauzo).(***Sedima, S.P.R.L. v. Imrex Co.***, **473 U.S. 479 (1985).**

52. Whether the district court denial of evidentiary hearing to support plaintiff's stigma plus claims constituted a due process violation by denying him a name clearing hearing and his right to be heard. ***Armstrong v. Manzo*, 380 U.S. 545 (1965)**.

53. Whether dismissal without an evidentiary hearing on Plaintiff's affidavit alleging IAD investigators are engaging in illegal wiretap-related crimes during the pending lawsuit without court authorization is a constitutional violation under color of law.

54. Whether the evidence in the court record concerning the February 20, 2025, April 17, 2025, April 25, 2025, and May 8, 2025 orders constitute fraud on the court and are non-judicial acts . ( ***Forrester v. White*, 484 U.S. 219 (1988))**.

55. Whether the court's **repeated** denials of Plaintiff's request for an evidence hearing based on disputed evidence, i.e. May 31, 2018, record;  stigma plus -employment property interest, denial of police license,  and reputational harm -liberty interest, constitute a due process violation. (**Mathews v. Eldridge, 424 U.S. 319 (1979**).

56. Whether the district court sua sponte decision violated plaintiff's due process rights by denying him a summary judgment based on defendants engaging in ex

parte communication (IAD investigators and other Judges). ***Board of Regents v. Roth*, 408 U.S. 564 (1972).**

57. Whether the district court should have provided the 5th Circuit a fact analysis for each claim that replicated the findings of facts and conclusions of laws to support alleged deficiencies in plaintiff's pleading in the interest of justice.

58. Whether the district court violated plaintiff's due process rights by failing to notify him of a summary judgment, failing to notify him of a sua sponte decision, and failing to allow plaintiff to respond to deficiencies supplied by the Judge. ***King v. Dogan*, 31 F.3d 344 (5th Cir. 1994)**.

59. Whether the district court erred when the February 20, 2025 dismissal order failed to comply with **Federal Rule of Civil Procedure 54(b)**, as defined by ***Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980)**, and jeopardized appellate review.

60. Whether the dismissal order filed on February 20, 2025 that was in non-compliance with **Rule 54(b) certification** a violation of plaintiff's due process rights before and after certification based on factual analysis.

61. Whether the district court committed judicial misconduct if he intentionally issued a **non-final order** on February 20, 2025 in violation of 28 U.S.C. § 1291 to

violate plaintiff's constitutional right to be heard on appeal.  (***Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)**; (***Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473 (5th Cir. 1991).**

62. Whether the district court erred when it intentionally omitted claims in the February 20, 2025 order resulting in due process violations under the fifth amendment.  Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980).

63. Whether the district court's **omitted claims** in the Feb. 20, 2025 order which were based on a  sua sponte dismissal with prejudice **contradicted** the (res judicata) preclusion requirement that all claims be adjudicated on their merit.

64. Whether the district court allowed Experian to violate independent credit laws when Experian Attorney Zahn told credit bureau employees not to provide the plaintiff with any information (**ROA.1239**). Plaintiff claims the Experian attorney violated independent credit laws, FCRA 15 USC 1681 by denying plaintiff investigative dispute results that plaintiff requested for a whole year. This fraudulent concealment impacted the plaintiff's sufficiency of pleadings. Gorman v. Wolpoff and Abramsons LLP, 584 F.3d. 1147, 1155 (9th Cir. 2009).

65. Whether the district court committed **fraud on the cour**t when the Feb. 20, 2025 order omitted claims and these claims were not adjudicated as final until May 8, 2025 when the district court was forced to certify them under Rule 54(b).

66. Whether the district court's failure to intervene and affirm the May 31, 2018 government record as fabricated evidence at the January 19, 2025 hearing constitute **judicial bias,** judicial complicity, and the aiding and abetting of a defendant to perpetrate fraud on the court.

67. Whether appellees have a legitimate right to defend the district court's dismissal for failure to state a claim when they waived any defenses, by not responding to the amended complaint. (**Clark v. Tarrant Cnty., 798 F. 2d. 736, 740 (5th Cir. 1986))**.

68. Whether district court demonstrated judicial bias against pro se litigant when the judge stated in his Feb. 17, 2025 order that plaintiff was involved in a criminal investigation involving wiretaps and pen registers **without stating plaintiff was exonerated.**

## IX. STATEMENT OF THE CASE

This appeal arises from the sua sponte dismissal with prejudice of Plaintiff–Appellant amended civil rights complaint on February 20, 2025, in the United States District Court for the Southern District of Texas. Plaintiff alleged multiple constitutional violations by Defendants, including the City of Houston, its' Police Department Internal Affairs Division, and private corporate entities such as Experian Information Solutions.

Central to Plaintiff's claims were allegations of fabricated government records, fraudulent concealment of records, unlawful concealment of internal affairs files where investigators padded his file with fabricated evidence, and the denial of procedural safeguards to protect his liberty and property interest. Defendants have engaged in various law violations aimed at financial harm for complaining about police and judicial corruption in violation of his First, 14th Amendment, and 5th Amendment.

Plaintiff claims that the district court engaged in judicial bias by participating in improper ex parte communication with defendants and used fabricated evidence and information outside the court record in the sua sponte dismissal. Evidence of judicial bias manifested itself on January 19, 2025 when the district court failed to exclude using the May 31, 2018 fabricated evidence in dismissing plaintiff's lawsuit. On April 17, 2025, the district court manifested another act of judicial bias when the Judge fabricated a FOIA motion and falsely stated that Plaintiff "compelled all defendants to produce wiretap and pen register authorization information". On January 19, 2025, the district court allowed false pleading of res judicata laws to be part of the court record without correction by City Attorney Wilson. During that same hearing, the district court allowed false pleading regarding a requirement for reporting "specific inaccuracies" in credit reporting.

Further evidence of judicial bias manifested itself when the district Judge stated in his final dismissal order that plaintiff had pending claims in other courts implying ex parte communication which converts a 12(b)(6) dismissal to a summary judgment. According to the Supreme Court in **Dayco Corp. v. Goodyear Tire & Rubber Co. , 23 F. 2d. 389, 393 (6th Cir. 1975)**; and the Fifth Circuit in **Burns v. Harris County Bail Bond Bd., 139 F. 3d. 513, 517 (5th Cir. 1998),** a plaintiff has a right to be notified by the Judge who enters a sua sponte decision under 12(b)(6). In the present case, the district court failed to convert the case to a summary judgment after using outside information. Plaintiff claims the district court failed to convert this case to a summary judgment which would have allowed plaintiff notice and discovery under Rule 12(d) and Rule 56(f).

Using **Dayco Corp. v. Goodyear Tire (1975),** Plaintiff interprets  the district court's use of duplication as "res judicata" but part of the continuing violation doctrine where the lack of legitimate judicial intervention enabled a pattern of economic retaliation for over 30 years. This pattern includes the Houston Police Department placing fabricated evidence in the plaintiff's internal affairs file and denying him access to those files under color of law to prove his stigma plus claims. On Oct. 3, 2022, plaintiff discovered that the internal affairs division had affixed fabricated HIPPA evidence to his payroll (ROA.94). Plaintiff has applied to 50 to 75 law enforcement employers (ROA.95).  According to **Wells v.**

**Continental Illinois Nat'l Bank and Trust Co., 641 F. 2d. 47 (7th Cir. 1981),** a
conspiracy can be proven by circumstantial evidence and discovery should be
allowed (ROA.470).

Plaintiff claims that defendants have engaged in a conspiracy to deprive plaintiff of
his constitutional rights as documented in plaintiff's amended complaint under the
City of Houston. A centerpiece of the conspiracy is the City of Houston's denial of
plaintiff's internal affairs file in violation of the Texas Government Code § 552.023
which grants plaintiff special access to his internal affairs file.

Plaintiff claims that judicial bias has allowed the above law or laws to be broken.
On January 19, 2025, the district court threatened me with paying the legal fees of
opposing attorneys if I chose to proceed with an amended complaint. The district
court used the pretext of a sanction to deter plaintiff from exercising his right to
seek redress and access to the court.  Here, a federal judge in a civil rights case is
willing to violate the plaintiff's constitutional rights to access the court for redress
in exchange of being popular with defendants attorneys.  Plaintiff claims the joint
discovery stay and defendants' fraudulent concealment of records which the
district court approved reflect a conspiracy to obstruct plaintiff's access to the court
and a fair adjudication of his claims.

## X. SUMMARY OF THE ARGUMENT

This appeal arises from acts that represent fraud on the court. On April 25, 2025, the district court ruled that plaintiff's rule 60(b) was denied because there was no fraud; yet, the April 17, 2025 fabricated FOIA motion confirmed that fraud was the guiding force in the proceedings where the plaintiff was deprived of a fair trial.

The district judge engaged in procedural fraud, misapplication of the law, condoning the submission of fabricated evidence, suborning perjury, willfully concealing material information within defendants' possession, engaging in ex parte communication, attorneys filing false pleadings contradicted by their own client records, manipulating docket entries,  breaches of jurisdictional issues doing recusal motions, denial of evidentiary hearing, and improper joint discovery stays. The cumulative effect of these acts amounted to a conspiracy and judicial retaliation for complaining about police and judicial misconduct.

Plaintiff's claims the 12(b)(6)  dismissal should have been converted to a summary judgment.  Second, the district court permitted and arguably facilitated the withholding of material evidence by granting a joint discovery stay while refusing to sanction Defendants for concealing material to support his claims or conducting evidentiary hearing based on verifiable fabricated evidence. The court failed to apply its inherent authority under ***Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991),**

and instead enabled misconduct that prevented Plaintiff from developing his claims.

Thirdly, Plaintiff was denied a meaningful opportunity to obtain discovery. Fourth, the district court failed to document facts justifying the dismissal of Plaintiff's civil rights and stigma-plus claims in the February 20, 2025 dismissal order. On May 6, 2025, plaintiff questioned the above order under a **54(b) rule** that required certification. On May 8, 2025, final judgment on all claims were rendered. Plaintiff claims that without his due diligence the 5th Circuit would not have jurisdiction over his appeal.

Fifth, due to judicial nonfeasance, plaintiff claims defendants continued to engage in the ongoing conspiracy to fraudulently conceal police records, failure to investigate credit disputes,  and evaluate DOE records to  support his pleadings. All defendants  filed motions to dismiss stating that the plaintiff failed to present facts to support his claims.

One defendant stated that **Experian never notified them** of plaintiff's disputed **ROA.447-452**. **Under 1681s-2(b),** a consumer has a right to sue the **furnisher of inaccurate credit reporting information** only after the consumer reporting agency (Experian) notifies them of a dispute. The court failed to detect the inconsistent statements erased by a joint discovery stay.

**Under 15 USC 1681i(a)(6)-**Notification of Reinvestigation Results, plaintiff pleaded that Experian failed to produce written reports of investigations of consumer disputes for over a year. The district court failed to review plaintiff's pleadings and examine the record to verify Experian's breach of duty. Plaintiff sought actual, statutory, and punitive damages under FCRA.  Plaintiff put Experian on notice for  their misconduct and his entitlement for relief but the district court failed to read plaintiff's pleadings; thereby, abandoning his role as a neutral arbitrator.

Finally, plaintiff points to claims of judicial bias, violating the party presentation rule,  and non-judicial acts associated with the April 17, 2025 order.  A non-judicial act constitutes fraud on the court and violated the party presentation rule (***United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)); but more disturbing was the role shifting of a federal judge from the status of a neutral arbitrator to a prosecutor aggressively seeking court maneuvers to dismiss plaintiff's lawsuit.** Plaintiff claims the shifting role negated disputed facts in the case and led to motions and orders favoring defendants while ignoring substantive and material facts pleaded by plaintiff. The absence of a fact claim analysis in the district court's dismissal order confirms that the district court failed to review or assess plaintiff's claims fairly.

# XI. APPELLANT'S ARGUMENTS

Appellant respectfully submits that judicial notice is warranted under Federal Rule of Evidence 201. The district court's sua sponte dismissal included information not contained or attached to the complaint; i.e. May 31, 2018 fabricated evidence produced by the City of Houston. (**ROA.615)**. The district court may use public records in their sua sponte dismissal; however, the court must notify the plaintiff so he can be heard. On several occasions, the plaintiff requested judicial notice of fraudulent government records but the district court ignored his request.

The failure to inform the plaintiff when the Judge used public records and the failure to hold evidentiary hearings on judicial notice pleading by plaintiff show not only a due process violation but the court's failure to read the complaint. In a demonstration of selective enforcement of the law, the district court failed to take judicial notice of the DOE and Capella University lawsuits for allowing tuition fraud before his sua sponte dismissal of the DOE.  The absence of a factual claim analysis placed in the record compounds the situation because if there is no factual claim analysis; **how does one hold the district judge accountable** for perhaps perpetrating fraud in court if there's no record.

The failure to adjudicate each cause of action on its merits, coupled with the constitutional omission of adversarial hearing rights, the absence of documented

pleadings deficiencies, have **substantially prejudiced Appellant's ability** to frame and preserve legal error for appellate review. This structural deficiency was constructed by design to violate plaintiff's First and Fifth Amendment rights.

## Standard of Review

A sua sponte Rule 12(b)(6) dismissal is a de novo review. Under a de novo review, the Appellate Court conducts an independent evaluation of the legal sufficiency of the claims  and a correction of errors. In the present case, the district court intentionally failed to analyze each claim and defendants with factual specificity in violation (Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986).

## Motion To Dismiss Standard

A plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff's obligation in response to a motion to dismiss is to provide the grounds for his entitlement to relief which requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.(Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must state specific facts to support the claim, not merely conclusions couched as factual allegations (Iqbal, 556 U.S. at 679). Plaintiff claims first and foremost that the

district court was biased toward him, abused its discretion, failed to afford him the same privileges as a license attorney, and denied him basic due process.

A. Judicial Bias, Sua Sponte Dismissal 12(B)(6), and Due Process Violations

1. The Supreme Court stated: "The Due Process Clause incorporated the right to an impartial and disinterested tribunal in both civil and criminal cases. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts of law. **Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009).**

2. Plaintiff argues that Judge Ellison lacked impartiality and demonstrated prejudices that compromised his ability to fairly adjudicate plaintiff's case.

3. Plaintiff claims Judge Ellison decisions reflect a reliance on outside sources, not in the record, which served as a predisposition to dismiss the case. Plaintiff filed a motion to lift a joint discovery stay but was denied. Plaintiff claims the district court's bias toward him was a key factor in how the court adjudicated his claims.

4. On January 19, 2025, Plaintiff was threatened with paying the legal fees of all attorneys if he decided to proceed with his complaint. This wasn't a **notice** prior to a sua sponta decision but a "coercive threat of sanctions" used to "intimidate plaintiff from proceedings and denying him access to the court" **(Bounds v. Smith, 430 U.S. 817 (1977).**

5. On April 17, 2025,  Judge Ellison fabricated an order by claiming Plaintiff filed a nonexistent FOIA motion compelling all defendants to produce documents on wiretap and pen register authorizations. This was a non-judicial act. The district judge violated the same pleading standards cited by **Ashcroft v. Iqbal, 556 U.S. 662 (2009),** by making conclusions without any supporting facts.

6. On February 20, 2025, Judge Ellison fabricated an order omitting civil rights claims in violation of Rule 54(b). Without plaintiff's intervention, the Appellate Court would not have jurisdiction over plaintiff's appeal. Plaintiff claims these acts were intentionally motivated by judicial bias.

7. **In *Liteky v. United States*, 510 U.S. 540, 555 (1994).**  Judge Ellison based his decisions on material not part of the record, conversations with Judge Hoyt regarding his personal knowledge of that case history,  disputed issues,  and private discussions of dispositive issues discussed with defendants outside of plaintiff's presence.  In *United States v. Sciuto*, **521 F.2d 842, 845 (7th Cir. 1975),** the court ruled that ex parte communications tainted judicial impartiality.

8. In **Carver v. Atwood, 18 F. 4th 494 (5th Cir. 2021**), the Fifth Circuit stated that the district court erred by not providing the plaintiff with notice and an opportunity to respond before sua sponte dismissal with prejudice. Plaintiff was denied both.

9. In **Miller v. Sam Houston State University, 986 F. 3d. 880 (5th Cir. 2021)**, the appellate court found that the district court Judge "**Lynn Hughes**" had **prejudged** the case as evidenced by statements such as, "I will get credit for closing two cases when I crush you", and reversed the district court Judge's sua sponte dismissal. Judge Hughes was also cited for violating Rule 54(b) certification requirements.

CONCLUSION

As a law enforcement professional, the judicial standards displayed by Judge Ellison concerns me. The evidence contained in the records indicated that the City of Houston has fabricated multiple government records to conceal defendant's misconduct; yet, the district court ignored their incriminating evidence. **Such judicial behavior is problematic because tampering with records is also criminal.**

B. The District Court's Sua Sponte Dismissal with Prejudice Violated Established Fifth Circuit Standards and Deprived Plaintiff of Procedural and Substantive Due Process

1. Standard Governing Sua Sponte Dismissals: **Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278 (5th Cir. 1993)**

I**n *Fernandez-Montes*, the Fifth Circuit** held unequivocally that "[a] complaint should not be dismissed with prejudice unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim." The court emphasized that sua sponte dismissals without notice and opportunity to respond are especially disfavored when constitutional claims are alleged. Judge Ellison dismissed Plaintiff's complaint with prejudice on February 20, 2025, without addressing the constitutional claims and factual deficiencies of these claims. Theses claims included but were not limited to:

- Civil rights claims under 42 U.S.C. §§ 1983 and 1985(3); Equal Protection under the Law;

- Fabricated evidence claims involving City of Houston Internal Affairs and false court records; stigma plus claims.

- Civil RICO claims under 18 U.S.C. §§ 1961–1964;

- FTCA claims against the Department of Education;

- Federal Credit Law Violations against Experian and other collection agencies.

As *Fernandez-Montes* makes clear, dismissal with prejudice is improper unless the complaint itself affirmatively "negates any possibility of relief."

2. **Barrs v. Sullivan, 906 F.2d 120 (5th Cir. 1990)**: Judicial Duty to Address All Material Allegations.

In *Barrs*, the Fifth Circuit reversed a dismissal where the trial court failed to consider all material allegations of the complaint. The panel held that a district court must engage in "a careful analysis of each claim" when multiple statutory or constitutional violations are pleaded.

As stated, the district court failed to do a careful analysis on each claim as required for claim preclusion. This omission of claims deprived Plaintiff of an adjudication based on what was contained in the record and the legal reasoning supporting those claims contained in the record. The district court's ruling appeared arbitrary and capricious.

3. **Bazan v. Hidalgo County, 246 F.3d 481 (5th Cir. 2001)**: The Necessity of a Factual Inquiry in Dismissal of Civil Rights Claims

In *Bazan*, the Fifth Circuit held that qualified immunity and civil rights claims cannot be resolved at the pleading stage without a "**fact-specific**" inquiry. Moreover, civil rights claims alleging official misconduct, reputational harm, and misuse of government process—as alleged in my complaint—require factual development. The Complaint alleged a broad conspiracy involving:

- Unauthorized ongoing surveillance (i.e.May 31, 2018 wiretap and pen registers);

- Flagging Plaintiff's payroll records with false HIPAA medical information discovered on October 3, 2022 at the gun range; Plaintiff retired in 2004.

- Fabricated court orders by Judge Ellison on April 17, 2025 (fabricated FOIA motion to all defendants);

- Conspiracy between municipal officials and private actors to stigmatize and economically sabotage Plaintiff by padding Plaintiff's IAD file with complaints never seen in violation of Texas Government Code § 552.023.

- RICO Conspiracy involving concealment of mortgage fraud using me as the straw buyer; **but the district court released defendant, Carlos Suazo; without allowing me the opportunity to develop additional material facts (ROA.126). After the Feb. 20, 2025 dismissal,** Suazo committed a second act of fraud on May 23, 2025 in small claims court with Judge Korduba (ROA.144-145). In attempting to protect Carlos Suazo, Judge Korduba violated Texas R.Civ.P. 18a(f)(1)(A); a non-judicial act.

The above claims invoke due process protections, **First Amendment retaliation**, 14th and 5th amendments, privacy rights, fabricated evidence, and stigma-plus injuries—precisely the types of constitutional violations that *Bazan* holds cannot be resolved without factual review. The dismissal with prejudice thus short-circuited Plaintiff's right to have these claims developed.

**4. Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636 (5th Cir. 2007):** Courts Must Engage with the Legal Theories Pleaded

In *Lozano*, the Fifth Circuit emphasized the court's obligation to "engage with the legal theories actually pleaded by the parties". Judge Ellison provided no documentation that he examined any claims before he issued a blanket dismissal. The February 20, 2025 order failed to address the deficiencies in following pleaded theories:

- RICO: Based on wire fraud, contract fraud, unauthorized surveillance, and a pattern of retaliatory acts;

- FTCA: Based on DOE's negligence in processing a Borrower Defense Application despite actual notice, prohibiting IAD education contract interference, and investigating stigma plus civil rights complaints ;

- § 1985(3): Based on a conspiracy between Judge Ellison, HPD Internal Affairs, and private defendants to deprive Plaintiff of access to the courts and equal protection based on racial animus;

- § 1983: Based on the City of Houston's fabrication of personnel records, HIPAA-related misconduct, and false labeling as mentally unfit or criminally suspect alleged in Plaintiff's stigma-plus claims;

- Denial of evidentiary hearings related to claims of fraud, deception, misrepresentation, and fabricated evidence, which were procedural and substantive due process violations under ***Paul v. Davis*, 424 U.S. 693 (1976), *Board of Regents v. Roth*, 408 U.S. 564 (1972), and *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983);**

- Federal Credit Laws violations for each credit claim against each Defendant;

- § 1983 and § 1985(2)(3): Claim based on a false police report made by Joaquina Spikes Winslow to the Pearland Police Department, who failed to notify plaintiff, failed to investigate theft complaint, and failed to investigate plaintiff's false police report made against Joaquina Spikes Winslow; (ROA.576-577).

- The fabricated docket sheet produced by Judge Korduba dated June 11, 2024 outside her judicial duties.

- The district court erred by not conducting a QI test for all government actors. The sua sponte dismissal violated the party presentation rule based on the district court imposing his legal theories on the case.

- The fabricated contract with Credit Acceptance Corp. and Elissa Muhammed that was electronically processed; in conjunction with IAD.

- The mortgage fraud contract with Carlos Suazo that omitted the due on sale clause that was electronically processed and based on tampering with a government record.

- The fabricated police theft report by Joaquina Spikes Winslow which was part of the Pearland Police Department and HPD IAD conspiracy (ROA.577).

The dismissal order was  silent on these disputed claims and failed to comply with claim preclusion standards as established in  **TestMasters Educational Services, Inc. v. Singh, 428 F. 3d 559, 571 (5th Cir.2005).**

5. Procedural Due Process Violations

The Fifth Circuit has long held that sua sponte dismissal without notice, factual analysis, or a chance to amend violates procedural due process, particularly where the plaintiff is pro se. ***Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir. 1998)**.

In ***Brown v. United States*, 653 F.2d 196 (5th Cir. 1981)**, the court said a dismissal with prejudice is **a final adjudication** on the merits and bars future suits based on res judicata. The dismissal was reversed because the district court did not permit the development of the factual record. All elements of a claim must be evaluated and documented.

**Regarding claim preclusion, the district court failed to identify what claims were subject to res judicata, what factual analysis supported these claims, and what legal reasoning supported these claims. (TestMasters Educational Services v. Singh, (5th Cir., 2005)).**

At the January 19, 2025 meeting, Attorney Wilson attempted to raise a res judicata issue regarding the May 31, 2018 fabricated record but was unaware that the exception to res judicata is fraud (ROA.1332). During the January 19, 2025, Judge Ellison asked me how did I know that the May 31, 2018 was not accurate (ROA.1331); (ROA.1370-1372) and how I was injured. I explained I was injured because the police department used the fabricated evidence in their stigma plus conspiracy (ROA.1335).

CONCLUSION

Under **Brown v. United States, 653 F.2d 196 (5th Cir. 1981)**, the sua sponte dismissal with prejudice was reversed.

**C. Fabricated Evidence, Civil Rights Claims, and Fraud on the Court which Vitiates the Judgment.**

The district court sua sponte decision negated plaintiff's actionable fabricated evidence claims which:

1. Deprives a party of liberty or property interest; Plaintiff was denied employment, he was unable to pay his student loan debt,  and unable to obtain home equity loans due to fabricated complaints placed in his internal affairs file.

2. Is material to the court's adverse ruling (e.g., denial of evidence hearing prevented plainitt from obtaining records showing proof that the IAD unit had placed fabricated evidence in his files as part of their retaliatory stigma plus smear conspiracy);

3. District court denied evidence hearings on fraudulent government records  in order to conceal the defendants' misconduct and prevent a criminal referral on some defendants. ***Moody v. Farrell*, 868 F.3d 348 (5th Cir. 2017)**. When a litigant alleges fabrication affecting the fairness of the proceedings, summary dismissal is improper without a proper evidentiary hearing. The complete May 31, 2018 fabricated record can be reviewed at (**ROA.1370-1373**). Plaintiff requested an evidentiary hearing but it was denied.  On April 17, 2025, The district court's used fraudulent evidence, i.e. May 31, 2018 record, to adjudicate a motion,  order, and or dismiss suit; thereby, committing fraud on the court and violating plaintiff's 5th amendment rights by denying him an evidentiary hearing on the verifiable fraud.

*Paul v. Davis*, 424 U.S. 693 (1976): Fabricated government documents violated due process if tied to a tangible deprivation (e.g., denial of a job due to blacklisting, denial of law enforcement jobs,  status, future licenses, pension health benefits, and reputational harm).

On Oct. 3, 2022, plaintiff discovered that the City of Houston flagged his payroll with false HIPPA mental health information that was used to deny plaintiff employment in law enforcement since retiring in 2004 **(ROA.523)**.

Plaintiff claimed that not only did the district court fail to act on credible allegations of fraud; the April 17, 2025 incident demonstrates that the district engaged in its own fraudulent conduct. The fabricated FOIA order represented fraud on the court.

***Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)**: Fraud perpetrated by court officers, including judges, warrants setting aside the judgment.

**D. Non-Judicial Acts**

1.  The sua sponte decision on February 20, 2025 which was motivated by judicial bias was confirmed on April 17, 2025. The April 17, 2025 incident revealed that the Judge's fabricated an order claiming Plaintiff filed a nonexistent FOIA motion compelling all defendants to produce documents

on wiretap and pen register authorizations which indicated on the surface that the district judge had prejudged plaintiff but beneath the surface the Judge used the 12(b)(6) rule as a legal instrument of power not fairness. The April 17, 2025 FOIA motion was a non-judicial act.

2. ***Forrester v. White*, 484 U.S. 219 (1988)**: Judges are not immune from administrative misconduct.

3. ***Dennis v. Sparks*, 449 U.S. 24 (1980)**: Judicial conspiracies with private litigants are not protected by judicial immunity.

4. Judge Ellison **conspired** with the clerk to create a nonexistent FOIA motion and attributed it to Plaintiff. Next, Judge Ellison inserted content in the fabricated order, violating the party presentation principle. ***Greenlaw v. United States*, 554 U.S. 237, 243 (2008).**

5. In ***Sineneng-Smith,*** the Supreme Court condemned judges for inserting their own theories into a case which violated the party presentation rule. The sua sponte dismissal violated the party presentation rule, as well as April 17, 2025 FOIA motion and order.  On May 8, 2025, the final judgment order listed qualified immunity and absolute immunity; however, there were no adversarial arguments permitted.

 Under the judicial notice statute, **Rule 201(e),** a party must be given the opportunity to be heard on facts that the court claims are officially

adjudicated. Judge Ellison violated Rule 201(e) when he failed to affirm the adjudication of the May 31, 2018 as disputed fraud on Feb. 20, 2025 order.

As mentioned, plaintiff claims that fabricating a court order is not only a non-judicial act but also can be a criminal violation:  18 USC 1519 and 18 USC 1001.  Plaintiff further claims that Judge Ellison  actions were non-judicial; therefore, his judicial immunity is waived.

E. Legal Standard Under Rule 12(b)(6) and Judicial Obstruction

1. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate only if the complaint fails to "state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**. A claim has "facial plausibility" when the pleading **factual content** allows the court to draw the reasonable inference that **the defendant is liable for the alleged misconduct**.

2. Obstruction of Discovery and Rule 26(a) Disclosures Impaired Plaintiff's Ability to State Additional Specific Facts

3.  **The plausibility standard does not require the plaintiff to have access to all evidence at the pleading stage**. In *Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 511–12 (2002)**; the Supreme Court rejected the notice that a plaintiff must plead a **prima facie case of discrimination** to survive a

motion to dismiss. The complaint should give the defendant **fair notice of claim and the grounds upon which it rested.** Plaintiff believed that both complaints gave defendants fair notice of their misconduct and that he was entitled to relief. **In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)**, the court emphasized that a pro se complaint is to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers.

Note: Plaintiff believed the district court engaged in ex parte communication with the Houston Police internal affairs investigators who shared an untruthful complaint with the Judge. Plaintiff claims the district court used this information to prejudice plaintiff's case. As a rookie on probation, IAD placed an untruth complaint in the plaintiff's file. Even though, plaintiff had nothing to do with the complaint, as a rookie on probation he was told if he contested the untruthful complaint, he would be terminated. Plaintiff has placed an affidavit in the record excerpt verifying this incident by his field training officer, B.K. Kemp, claiming she made a mistake and her rookie had no nothing to do with the infraction.

4. Plaintiff Believed that his Pleading Met the Plausibility Threshold: Plaintiff claimed that he alleged concrete facts, including (who) the actors were (defendants including HPD Internal Affairs and federal agencies), (what) was concealed (fabricated police records, credit dispute records), (when) it occurred

(during the pendency of active federal litigation), (how) flagging plaintiff payroll since 1994; and (why) retaliation for reporting police corruption.  In **Sanchez v. City of Austin, 74 F.3d 1181 (5th Cir. 1996)**, the Fifth Circuit reaffirmed that a civil rights complaint need only allege "who, what, when, where, and how" of the alleged constitutional violation.

In **Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)**, the court confirmed that plaintiff's claims at the pleading stage need not present evidence but must allege facts sufficient to **establish standing** and suggest a plausible claim.

With respect to the February 20, 2025 dismissal order, **Barrs v. Sullivan, 906 F.2d 120 (5th Cir. 1990**); **Lormand v. USwired, Inc. 565 F. 3d. 228 (5th Cir. 2009)**, holds that the dismissal order must show the factual basis or deficiencies considered by the trial court showing why plaintiff has not alleged enough facts. The case involving  **Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439 (5th Cir. 1999)**, also stated that a trial court's failure to provide a factual analysis of the dismissal can lead to reversible error.   The **Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636 (5th Cir. 2007) case also ,** emphasized the need to articulate findings for each defendant and each claim involving multiple parties.

Plaintiff claims that the district court's incomplete record violated **Ashcroft v. Iqbal, 556 U.S, 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)**

which requires courts to evaluate each claim under a plausibility standard not a blanket dismissal without individualized analysis.

4. Judicial Obstruction of Fact Development Invalidates the Basis for Dismissal

 Plaintiff has pleaded the **Catch 22** scenario that the district court has placed him in. It is **axiomatic** that a court can sabotage a plaintiff's access to evidence and then fault them for not having it. **The court disabled the plaintiff's access to discovery—especially where Rule 26(a) disclosures are mandated—dismissal under *Twombly* and *Iqbal* becomes not only legally improper but constitutionally infirm.** Plaintiff claims the court imposed stay violated his due process right to develop facts to support his claims.

In ***Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)**, the Supreme Court emphasized that a plaintiff must be given a fair procedural opportunity to develop their case. The district court provided no factual analysis of conducting a **qualified immunity** test showing the lack of:  (1) constitutional violations and (2) a clearly established right at the time of the alleged conduct. **(Saucier v. Katz, 533 U.S. 194 (2001))**. The district court violated these procedural due process safeguards.

CONCLUSION

The court obstructed Plaintiff's fact-finding process, engaged in fraudulent concealment of discoverable information, and disregarded his factual allegations.

## F. The District Court's Sua Sponte Dismissal with Prejudice Was an Improper Conversion to Summary Judgment in Violation of Rule 12(d), Due Process, and Plaintiff's Right to Discovery

1. Legal Standard Requires Notice and Opportunity to Respond Before Rule 12(b)(6) Conversion to Summary Judgment

The district court's sua sponte dismissal of Plaintiff's case under Rule 12(b)(6) with prejudice, was based on materials outside the pleadings—(a) on May 8, 2025, Judge Ellison stated in his order that he based his February 20, 2025 dismissal on disputes listed in a plaintiff's pending case. **Plaintiff claims that Judge Ellison's verbiage indicated that he and Judge Hoyt discussed plaintiff's credibility, the case history in that pending case, and the disputed facts of a pending case. These conversations were not part of the court record nor was the plaintiff privy to these conversations.**

Such conversations violated **Canon 3(A)(4)** of the Code of Conduct for U.S. Judges. Using pending lawsuits which were not part of the court record, this violated **Caperton v. A.T. Massey Coal Co., 56 U.S. 868 (2009).** The use of

outside information was not only prohibited but also a conflict of interest since Judge Hoyt's case was still pending at the time the information was conveyed.

(b) Plaintiff further claims that Judge Ellison held private **in camera** communications with **Houston Internal Affairs Investigators** who shared disputed records and complaints placed in plaintiff's IAD file which the plaintiff has never seen. Plaintiff claims that such ex parte communication triggers a summary judgment. In **Kennedy v. Great Atlantic & Pacific Tea Co., 551 F.2d. 593 (5th Cir. 1977),** a law clerk conducted an independent investigation and shared the finding with the Judge without notifying the parties. In evaluating judicial impartiality, the 5th Circuit uses an objective standard:

 ( c ) Plaintiff claims that the joint discovery stay between Judge Ellison and defendants was conducted outside of plaintiff's presence and should have triggered conversion to a summary judgment.

(d ) Plaintiff further claims the omission of claims under the Rule 54(b) were based on communication among the Judge and defendants outside of his presence. Plaintiff claims that the May 8, 2025 order was in violation of Rule 54 (b) because a detailed analysis showing how each claim and defendant were disposed of was lacking.  **Eldredge v. Martin Marietta Corp., 207 F.3d 737 (5th Cir. 2000).**

Plaintiff further claims that the insertion of pending lawsuit material, qualified immunity, and absolute immunity was intentionally done to imply that these issues were properly adjudicated in this case when the record is void of any adjudicated facts based on merit.

In fact, on May 22, 2025, City Attorney Majorie Cohen, conveyed an email to me asking Judge Hoyt if he had dismissed those pending cases. Plaintiff claims that the district court's Feb. 20, 2025 dismissal order included **Rule 201(e) information that the court failed to notify plaintiff of and afford him an opportunity to challenge**. Plaintiff further claims that a pattern of constitutional violates within the context of a 42 USC 1985 (2)(3) may lead to a determination that these acts were non-judicial and subject to: **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).**

(e) On January 19, 2025, Judge Ellison permitted discussions on the May 31, 2018 fabricated evidence but refused to affirm the fabricated evidence during the hearing and certify that he did not consider the outside material in his ruling. **Liteky v. United States, 510 U.S. 540, 551 (1994). Plaintiff claims Judge Ellison failed to demonstrate that he did not consider the outside information in his dismissal order dated February 20, 2025. However, the district court used the outside information in his** April 17, 2025 fabricated FOIA order. Plaintiff claimed the

outside information triggered notice of a summary judgment which the district court failed to implement because the district judge did not want to afford plaintiff discovery.  Without discovery, the appellant was denied the material information to prove his claims.

In this case, the district court violated Rule **12(d)**, "if, on a motion under **12(b)(6)**, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  **In Scanlan v. Texas A&M University, 343 F.3d. 533, 536 (5th Cir.2003),** the district court must give plaintiff notice of the sua sponte decision. Without notice, plaintiff could not avail himself of discovery.

 (f) On April 17, 2025, Judge Ellison **inserted a fabricated FOIA motion** and attributed false statements made by the plaintiff in the court record. The fabricated motion and false statements were literally made up by the Judge. Judge Ellison pleaded conclusory assertions void of verifiable facts in his motion  (double standard). **Fernandez-Montes v. Allied Pilots Ass'n, 987 F. 2d. 278, 284 (5th Cir. 1993).**

2. The Sua Sponte Dismissal Violated Fifth Circuit Precedent Requiring Notice and an Opportunity to Amend

The Fifth Circuit strictly prohibits sua sponte dismissals without prior notice or an opportunity to amend the complaint unless amendment would be clearly futile. *Bazrowx v. Scott*, **136 F.3d 1053, 1054 (5th Cir. 1998);** *Brown v. Texas A&M Univ.*, **804 F.2d 327, 333 (5th Cir. 1986).** Judge Ellison gave no advance warning of dismissal and failed to identify any specific deficiency in the complaint. Plaintiff never received a mail out notice.

---

3. The Court's Joint Discovery Stay Was an Abuse of Discretion and Subverted Plaintiff's Right to Develop His Claims

Under Fed. R. Civ. P. 26(c), a stay of discovery may only be granted upon a showing of good cause. Judge Ellison engaged in outside ex parte communication to impose a joint discovery stay pending resolution of a motion to dismiss but did so without requiring the defendants to provide supporting affidavits or evidence showing hardship, as required under *In re Netflix Antitrust Litig.*, **506 F. Supp. 2d 308, 321 (N.D. Cal. 2007).**

Judge Ellison granted every motion for defendants but denied plaintiff's motions which reflected judicial bias. This was another example of legal instrumentalism.

The stay was not administered in the interest of justice and was prejudicial to plaintiff:

- Plaintiff sought access to his Houston Police Internal Affairs file, which was being concealed and contained material relevant to his stigma plus claims;

- Plaintiff asserted a legal right of access under Texas Gov't Code § 552.023;

- The City of Houston's refusal was based on fraudulent Attorney General opinions, which were pleaded but the district court ignored under a state of deliberate indifference.

The stay obstructed Plaintiff's access to:

- FCRA-FDCPA related credit dispute records;

- Internal Affairs misconduct investigations;

- Rule 26(a)(1) disclosures.

The denial of Plaintiff's motion to lift the stay reflected judicial bias. Plaintiff claims the following case laws were violated:

Case Precedent:

*Hickman v. Taylor*, 329 U.S. 495 (1947) (emphasizing discovery's essential role in truth-finding);

*McCoy v. Energy XXI GOM, LLC*, 695 F. App'x 750, 751 (5th Cir. 2017) (discovery stays must be justified by a strong showing of need);

*Weaver v. Texas Capital Bank*, 660 F.3d 900, 906 (5th Cir. 2011) (plaintiffs must

be allowed discovery to develop claims);

*Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 499 (5th Cir. 2015) (tactical

limitation of discovery prejudices fair litigation);

*Taylor v. Texas Dep't of Crim. Justice*, No. 22-40706, 2023 WL 3378314, at *3

(5th Cir. 2023) (both sides must be able to develop claims and defenses).

---

## CONCLUSION

Judge Ellison altered his role from a neutral arbitrator to a prosecutor based on his

collusion with internal affairs investigators. The joint stay was an indication of

judicial bias.  The district court used the 12(b))6) dismissal as a **pretext** to ignore

disputed  facts, deny evidentiary hearing on fabricated evidence, deny mandatory

26(a) disclosure, cover up inserted  fabricated FOIA motions, non-certify Rule

54(b) orders, and violate Rule 201(e).

## G. RICO Claim: Government-Sanctioned Conspiracy to Obstruct Justice and Deprive Civil Rights in Violation of 18 U.S.C. §§ 1961–1964

### 1. Legal Standard

Plaintiff claims the continuous tort violations emboldened  a "Racketeer Influenced

and Corrupt Organizations Act (RICO) enterprise operated by the Houston Police

Internal Affairs Investigators, codified by 18 U.S.C. §§ 1961–1964, that authorizes a private right of action under § 1964(c) for "[a]ny person injured in his business or property by reason of a violation of section 1962." To establish a civil RICO claim, a plaintiff must allege:

(1) a person who

(2) through a pattern

(3) of racketeering activity

(4) conducted the affairs

(5) of an enterprise

(6) resulting in injury to the plaintiff's business or property.

*Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); Crowe v. Henry, 43 F.3d 198, 204 (5th Cir. 1995).*

## 2. Existence of a RICO Enterprise

Plaintiff alleges that individuals within the Houston Police Department Internal Affairs Division, Judges in the Southern District of Texas, and associated private actors, Carlos Suazo,  Joaquina Spikes Winslow, etc. formed an association-in-fact enterprise with a unified purpose: to retaliate against Plaintiff for exercising his First Amendment rights and for filing federal civil rights complaints regarding police and judicial corruption.

Black's Law Dictionary defines **corruption** as "The act of an official or fiduciary person who **unlawfully and wrongfully uses** his or her **station or character** to **procure some benefits personally** or **for another**, contrary to duty and the rights of others".  In the present case, appellant claims that this group of defendants based on their tortious interference conspiracy which was led by the Houston Police IAD engaged in activities which were unethical, unlawful, fraudulent,  deviated from standard procedures, breached the public trust, and led to tampering with government records.

Under 1961(4), an enterprise, functions as an ongoing organization whose members engage in coordinated conspiratory conduct. Plaintiff claims that the defendants played different roles but each participated in the common purpose, of encumbering the plaintiff with financial debt against his property or business via economic retaliation, violating his civil rights, and denying him access to a jury trial.

## 3. Pattern of Racketeering Activity

Plaintiff has alleged a pattern of racketeering activity under § 1961(5), consisting of multiple acts of:

- Wire fraud, 18 U.S.C. § 1343 (transmitting false records, government records, fabricated court orders, retail vehicle contracts, mortgage records,

internal affairs records, and health records,  false police reports,  credit

reports, student loan balances, and employment contracts;

- Obstruction of justice, 18 U.S.C. §§ 1503 and 1512 (fabrication of judicial

  orders, fraudulent concealment of material files, sua sponte dismissal

  without due process, and denial of evidentiary hearings);

- Retaliation against a witness/victim, 18 U.S.C. § 1513 (economic and

  reputational retaliation by defendants to deter Plaintiff's from reporting

  official misconduct);

- Deprivation of rights under color of law, 18 U.S.C. § 242 (surveillance,

  denial of due process, and abuse of official capacity).

The pattern of racketeering activity under § 1961(5) includes the following

(ROA.442-446).

- Since 1994, HPD IAD inserted false and derogatory information into

  Plaintiff's internal affairs file without notification, violated plaintiff's  due

  process, and created false/inaccurate government records to impair

  Plaintiff's employment and professional opportunities.

- The District Court's sua sponte dismissal of claims without a factual analysis

  further enabled the concealment of records by Experian, thus furthering the

  enterprise's obstruction.

- Unauthorized Surveillance and Tampering (18 U.S.C. § 2511):

  HPD IAD engaged in computer hacking of plaintiff's daily routines via monitoring plaintiff's cell phone. IAD deleted Plaintiff's academic coursework when in school. In 2024, IAD hacked into the plaintiff's computer and deleted complaints to the Consumer Financial Protection Bureau.  Plaintiff requested but denied evidentiary hearing on unauthorized wiretaps and pen registers at the January 19, 2025 hearing.

- HIPAA and Privacy Violations (42 U.S.C. § 1320d-6):

  Plaintiff discovered on **October 1, 2022, that HPD payroll records (ROA.94-96; ROA.150; ROA.523)** were falsely flagged with fabricated medical information, preventing Plaintiff's post-employment opportunities and creating a stigma-plus injury actionable under ***Paul v. Davis*, 424 U.S. 693 (1976)**. **This was an unlawful scheme to defraud the plaintiff out of his right to access the court by using wire communication and defraud him out of the financial equity in his property via credit dumping, failure to delete student loan on credit report, and denial of employment since 2004.**

- Credit Reporting and Student Loan Fraud (**15 U.S.C. §§ 1681e(b), 1681i(a), 1681s-2(b)):**

  The DOE failed to investigate Plaintiff's civil rights complaints involving

IAD's interference in plaintiff's education contract (ROA.152-154). The DOE also failed to process plaintiff's **Borrower Defense application** (ROA.95-97) despite public knowledge that Capella University was overcharging students and engaging in education fraud. Despite evidence of wrongdoing, **Experian** failed to investigate the fraudulent student loan account.

Under RICO, **defendants used the student loan debt as a weapon to deny plaintiff the equity in his home to pay his bills down.** The student loan debt has sat on my credit report for 14 years without one payment due the IAD's stigma plus smear conspiracy. On May 30, 2025, AidAdvantage, the new servicer, indicated that the loan is now in deferment until 2035. The defendants (government actors) refuse to remove the fraudulent student loan debt as an instrument of economic control over appellant. **The DOE used wire fraud to execute this fraud.**

   **Mr. Suazo, a police officer,** was instrumental in the scheme to **defraud** plaintiff by concealing that his **Veteran Administration loan held a due on sale clause (12 U.S.C.1701j-3).** Mr Suazo failed to notify the Appellant and VA lenders that he was transferring equitable ownership in the property. Under Texas Business Commerce Code 17.46(b)(24) (DTPA), Mr. Suazo

had a duty to disclose his nonpayment of delinquent HOA dues but forced appellant to pay them under threat of foreclosure (ROA.126;ROA.136-139). **The non-disclosure of the delinquent HOA dues and the fraudulent concealment of due on sale clause was part of a RICO scheme using wire fraud.** Mr. Suazo enriched himself for seven years.

Defendants engaged in a coordinated conspiracy to defraud plaintiff out of delinquent HOA fees and the equity in his property coupled with the **failure of Experian to investigate the student loan debt for known fraud.**

Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343):

The DOE, HPD IAD, Credit Acceptance Corp.(ROA.421), Experian, Pearland Police Department, Carlos Sauzo, **Joaquina Spikes Winslow (ROA.189; ROA.204; ROA.181-187; ROA.576-577),** Judge Korduba, and other defendants used U.S. mail and electronic communications to disseminate: fabricated government records, fabricated legal opinions, fraudulent contracts, fabricated docket sheets, fabricated court orders, and illegal court filing to further their scheme of economic retaliation against plaintiff property. **The district court's sua sponte decision shielded Defendants who participated in the RICO scheme to injure plaintiff's property from liability.**

Plaintiff claims that these acts have been continuous, related, and orchestrated over a thirty-year period, because I requested my IAD files and filed complaints/ lawsuits in an effort to access my file to support my stigma plus claims. **The May 31, 2018 fabricated** record (ROA.615;ROA.1370-1372) as well as the above predicated acts are within the ten year RICO span.

## 4. Economic Retaliation and Injury

Plaintiff has suffered substantial economic harm, including loss of employment opportunities, housing denials, damaged credit reputation, inability to use his colleague education, loss of equity loans, denial of credit due to student loan debt to income ratio, and unjust financial overcharges. These injuries are cognizable under § 1964(c) as damages to "business or property."

Plaintiff suffered direct financial harm including:

- Denial of employment opportunities due to false IAD police records.

- Inability to refinance or access home equity due to inflated student loan balances and derogatory credit entries and the failure of DOE to investigate and process Plaintiff's borrower defense application.

- Increased tuition obligations caused by interference with schoolwork and dissertation research.

- Reputational injury and impaired earning capacity due to false criminal and medical stigmas.

These economic harms are **traceable to the RICO enterprise** and satisfy the injury-to-business-or-property requirement under *Sedima, S.P.R.L. v. Imrex Co.*, **473 U.S. 479 (1985).**

As mentioned, Mr. Suazo was instrumental in having a controlling interest in my property which was subject to foreclosure due to his failure to disclose the non-payment of his HOA dues because he wanted to conceal the due on sale clause from the mortgage lender and appellant. Experian allowed credit dumping without conducting a reasonable investigation and denied the plaintiff requested disputed credit investigations for over a year (see record excerpt).

Under the **Texas Property Code 5.016,** Mr. Sauzo had a duty to disclose to me that he owed delinquent HOA dues. Under the Texas Financial Code 159.001(3), Mr. Suazo had a duty to disclose. Under Texas Property Code Chapter 207.003, Mr. Suazo had a duty to disclose. And under 12 U.S.C. 1701j-3, Mr. Suazo had a duty to disclose to the plaintiff but refused as part of the fraudulent RICO conspiracy.

The Fifth Circuit has acknowledged that economic retaliation against a whistleblower who exercises First Amendment rights and seeks judicial redress

implicates RICO when **coordinated by government officials** or entities acting in conspiracy. ***Hobbs v. Hawkins, 968 F.2d 471, 480–81 (5th Cir. 1992)****.* I paid Mr. Suazo $12,000 at closing. Mr. Suazo could have paid the delinquent HOA dues at closing.

Plaintiff claims that the RICO conspiracy scheme was based on a quid pro quo protection scheme. Defendants were instructed to indulge in acts which were retaliatory against the plaintiff and in exchange they would be protected. **Suazo filed documents in small files court that he owed the plaintiff over $900.** Post sua sponte dismissal action: Mr. Sauzo hired an attorney and **filed an affidavit under penalty of perjury claiming he owed the plaintiff nothing which was filed in the same court. There were no court sanctions against Sauzo for perjury.**

Plaintiff made a theft report no. **2306-04499** on Mr Sauzo but **there was no police investigation.** Plaintiff claims that the police code of silence is the driving force enabling the civil RICO conspiracy. Plaintiff claims that under RICO, the officers and supervisors agree to conceal misconduct, they protect each other from discipline or prosecution, and they retaliate against those who report or expose their misconduct.

## 5. Government Complicity and Color of Law

Plaintiff has sought his internal affairs files based on his rights under the Texas Government Code § 552.023. The City of Houston has denied plaintiff access to his IAD files. The refusal by city officials to release these files—while concurrently leveraging them to discredit Plaintiff—demonstrates misconduct under color of law. In the amended complaint, Plaintiff list fabricated legal opinions from the Open Records Division in Austin, Texas based on false information provided to them by the City of Houston.

When law enforcement officials deliberately use their authority to suppress incriminating records, they commit a form of governmental racketeering. *United States v. Phillips, 219 F.3d 404, 417–18 (5th Cir. 2000); Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018).*

### 6. Constitutional Deprivations and Civil Rights Violations

The coordinated conduct of the enterprise resulted in widespread deprivation of Plaintiff's civil rights under color of law, actionable under 42 U.S.C. §§ 1983 and 1985(3), and civil rights violations within a RICO framework. In the present case, **Judge Ellison's** sua sponte dismissal was part of the defendants' scheme to deny Plaintiff access to the courts to present backward-looking claims regarding concealment of past wrongs ( *Ryland v. Shapiro*, **708 F.2d 967 (5th Cir. 1983)**) and to prevent the exposure of  forward-looking claims concerning ongoing

retaliation and stigma-plus injuries from being adjudicated , as i.e. Suazo, Korduba, Experian, etal.  (***Christopher v. Harbury***, **536 U.S. 403 (2002)**).

- First Amendment – Retaliation for protected speech relating to Plaintiff's reports of police and judicial corruption and his right to petition the courts for redress.

- Fifth Amendment – Deprivation of Plaintiff's liberty and property interests—including education, reputation, employment, and access to the benefits of a housing contract (also invoking 42 U.S.C. § 1981 based on racial animus)—without due process of law.

- Fourteenth Amendment (Equal Protection) – Targeted discriminatory treatment through misinformation, denial of redress, and concealment of government records available to other similarly situated individuals.

- Stigma-Plus Doctrine – HPD IAD's stigmatizing classifications, combined with tangible employment and educational deprivations, constitute a liberty interest violation under *Board of Regents v. Roth*, 408 U.S. 564 (1972); *Wisconsin v. Constantineau*, 400 U.S. 433 (1971).

7. Nexus to Interstate Commerce and Wire Communication

Plaintiff alleges that electronic communications—including email, telephone calls, digital reports, and transmissions between government officials, courts, employers,

and credit agencies—were instrumental in the execution of this scheme. These communications satisfy the predicate requirement for wire fraud under 18 U.S.C. § 1343, and demonstrate the necessary nexus to interstate commerce.

Such wire-based coordination is sufficient to confer RICO jurisdiction and to establish that the enterprise's conduct affected commerce across state lines. *United States v. Elliott, 571 F.2d 880 (5th Cir. 1978)*.

## CONCLUSION

Plaintiff respectfully requests that this Court reverse the sua sponte dismissal and remand for factual development and a jury trial. Plaintiff seeks full discovery and the release of his internal affairs file under § 552.023, and compensatory in treble damages as mandatory for the unlawful deprivation of liberty, property, and access to the courts under the First, Fifth, and Fourteenth Amendment

## H. FRAUDULENT CONCEALMENT OF MATERIAL RECORDS AND 42 USC 1985(2)(3)

Plaintiff has alleged that for over three decades, the City of Houston and its agents within the Houston Police Department Internal Affairs Division (IAD) have engaged in a deliberate scheme to conceal false and derogatory information that has been placed in his IAD records. These concealed documents—include:

fabricated evidence based on solicited complaints, tainted investigative materials, and fabricated open records legal opinions —in furtherance of a coordinated conspiracy to deprive plaintiff of his liberty and property rights and a fair trial.

These acts form the basis of Plaintiff's claims under **42 U.S.C. § 1985(2) and (3)**. Despite producing witnesses such as Sergeant Hollins, who worked in the IAD, who verified photos based on unsolicited complaints as part of the IAD's stigma plus smear conspiracy, **the district judge dismissed the case knowing of defendants' fraudulent concealment**. The IAD files contain stigma plus evidence per Sergeant Hollins (ROA.523).

In **Jaso v. The Coca-Cola Co., 435 F. App'x 346, 356 (5th Cir. 2011)**, a dismissal based on pleading deficiencies is improper when the deficiencies are traceable to the **fraudulent concealment of documents** by opposing parties. The court emphasized that the plaintiff should not be penalized for failure to plead details that the defendant deliberately concealed.

 Judge Ellison continued the conspiracy to fraudulently conceal records and cause additional injury by:

1. **Denying Plaintiff access to discovery**, including standard initial disclosures under Rule 26;

2. **Granting a joint discovery stay to prevent disclosure**—despite Plaintiff's objection—in a manner that shielded Defendants from producing core documents;

3. **Fabricating judicial orders** on **February 20, April 17, April 25, and May 8, 2025**, to obstruct plaintiff from accessing the records to support his claims.

4. **Denying motions for evidentiary hearing** that would have exposed the conspiracy between IAD investigators, judicial actors, and defendants to obstruct the administration of justice by intentionally concealing records.

5. The City of Houston wrote "A claim is plausible on its face only when the pleading factual content allows the court to draw the reasonable inference that the defendant is liable for the **misconduct alleged**" (ROA. 507). The City of Houston acknowledged in their dismissal brief that: "Plaintiff alleges that his civil rights were violated when the City of Houston and the unknown HPD IAD officer engaged in a stigma plus smear conspiracy to cover up political and police misconduct (ROA.514).

All defendants made the same claimed that plaintiff did not provide any operative facts (ROA.511); Pearland stated plaintiff failed to allege necessary facts to support his claims (ROA.463) and that plaintiff was engaged in a fishing expedition; Jefferson Capital stated plaintiff provided

no factual allegations to support his claims (ROA.456); Jefferson Capital

stated, "Plaintiff further alleges extreme  and unsubstantiated allegations

regarding the fabrication of documents, police misconduct, and tampering

with government records" (ROA.450-451).

6. Plaintiff produced the complete May 31, 2018 document for the district court

to inspect to establish the City's fraudulent concealment of incriminating

records. Plaintiff further established proof by introducing **a copy of the FBI**

**memo found at (ROA. 615)**. Aside from the City, other defendants were

falsifying records (ROA.645).

In **U.S. v. Nora (5th Cir. 2021)**, the court stated that where fraudulent concealment

has been alleged, the district court should determine what role each defendant

played relevant to plaintiff's claims before dismissal (ROA.468). In **E. F. Huffon**

**Southwest Properties, LLC, 953 F. 2d. 963 (5th Cir. 1992),** when defendants

conceal information from plaintiff; then, the court may allow a plaintiff with a

deficient complaint to proceed (ROA.469). In the **Enron Corp. Sec., Derivative**

**ERISA Litigation., 2004 WL 405886 (S.D. Tex. 2004) case,** the court stated that

fraudulent concealment should prevent a 12(b)(6) dismissal.


Despite pleading disputed facts (ROA.450-451), the district court failed to convert

the 12(b)(6) to a summary judgment, notify the plaintiff, and allow him discovery.

According to **Scanlan v. Texas A&M Univ., 343 F. 3d. F. 3d. 533, 537 (5th Cir. 2003)**, the district judge had a duty to affirmatively show on the record that he excluded the outside information (i.e.May 31, 2018 fabricated evidence). In **Fernandez-Montes v. Allied Pilots Ass'n, 987 F. 2d. 278, 284 n.8 (5th Cir. 1993),** the court stated, "The court may not take judicial notice of other court proceedings unless they are in the record, and even then must give the plaintiff notice." The sua sponte dismissal order was void of the required fact claim analysis and documentation to comply with either of these due process safeguards. The district Judge had a duty to perform in compliance with the law but remained silent.

CONCLUSION

Plaintiff claims that the district court engaged in a conspiracy to assist the City of Houston in their fraudulent concealment of records which supported his stigma plus claims. For the district court's review, Plaintiff included a full copy of the May 31, 2018 fabricated record prior to the January 19, 2025 dismissal notice (ROA.1370-1372). During the hearing, the district judge stated that we are only here for the pleadings and nothing else (ROA.1328). The City of Houston attorneys

were aware of the fabricated evidence because they created it.  Plaintiff filed a

disclosure request before the conference because he had multiple defendants and

sought discovery of the unknown internal affairs officers. Once the defendans

reviewed his pending disclosure request, they coordinated a joint discovery stay.

(ROA.490-491).

## I. THE PERFECT STORM : JUDICIAL BIAS, VIOLATING  28 U.S.C. § 351(a) AND DENYING  EVIDENCE HEARING,  JOINT DISCOVERY STAY ABUSE,  5th AMENDMENT VIOLATION

Under 28 U.S.C. 352(a)(1)(A), a judicial misconduct complaint against a Judge

will be dismissed if it directly **relates to the merits of a decision** or procedural

ruling.

In the present case, Plaintiff claims that the district judge **fabricated court orders**

which were  non-judicial acts, that are actionable under 28 U.S.C. 351(a). Plaintiff

claims that the district court engaged in a pattern of procedural maneuvers and

orders misrepresenting existing laws resulting in a deprivation of plaintiff's due

process and a fair adjudication of his case:

On **October 28, 2024**, Experian denied plaintiff's motion to compel. The motion

was filed before the conference in anticipation of defendants' general denials.

(ROA.668). Plaintiff's requests were based on the exceptions under 26(a)(1)(b)

where a court order would have permitted plaintiff disclosure based on his

pleadings: (a) unknown HPD IAD investigator, (b) evidence might be destroyed,

i.e. public notice **-Judge Hoyt's sanction of HPD for destroying evidence** on

police computer hard drives, and (c) plaintiff had no other means of obtaining

records without the defendants possessions.  The district court ignored these

pleadings in the record and granted defendants the joint stay for discovery.  Yet,

**under both Rule 26(a)(1)(B) and Rule 26(d)(1), the district judge had inherent**

**authority to make a sua sponte decision and issue a court order in the interest**

**of justice to allow plaintiff limited discovery.**

On **November, 13, 2024**, the district judge agreed to a joint stay of discovery in

violation of **Landry v. Air Line Pilots Ass'n Int'l, 901 F. 2d. 404, 435 (5th Cir.**

**1990),** which requires inquiries into whether discovery would resolve the

disposition motion and whether a stay would prejudice the plaintiff. The stay

denied plaintiff mandatory initial disclosure under Rule 26(a). The stay was issued

in violation of Rule 26(b); plaintiff had no access to relevant information;  and

Rule 26(c), the defendants offered no factual evidence that they would be

burdened. The stay violated Rule 56 (d) which prevented facts in opposition to the

dispositive motion to be discovered. i.e. **Judicial Notices** , ROA. 643-647;

ROA.649-662. The district judge violated the proportionality analysis test

necessary to allow the plaintiff the necessary discovery to develop material facts under **Rule 26(b)(1)**.

On **Jan. 19, 2025,** the district judge threatened me with paying the legal fees for each defendant attorney if I decided to amend my complaint.

On **Feb. 20, 2025 order,** Judge Ellison stated, "In response,  to plaintiff's old complaint, defendants filed motions to dismiss. **(Docs. No. 34, 44, 46, 55, 60, 63, 65, 109**). On February 18, 2025, plaintiff filed a 76 page amended complaint that **suffers from the same deficiencies the court identified in the previous version** of the complaint. Plaintiff fails to allege sufficient facts to support his claims. These deficiencies, among others identified in the various Motions to Dismiss, are fatal to plaintiff's complaint.

 The district court offered plaintiff no opportunity to respond to his sua sponte dismissal **despite knowing that these old dismissal motions were technically outside the pleading of the amended complaint.** The same order failed to certify all claims under **Rule 54(b); jeopardizing appellate jurisdiction over the appeal.**

On **April 17, 2025,** Judge Ellison issued an order falsely attributing that Plaintiff filed a FOIA motion requesting wiretap and pen register authorization information from all defendants. Plaintiff filed no such motion. Even after Plaintiff objected, Judge Ellison refused to retract or correct the false statement —thereby embedding a fabricated pleading in the official record to justify denial of an evidentiary hearing. T**his information was outside the pleadings.**

In the **April 25, 2025** order, the district court engaged in distinguishable case misuse or a misapplication of case precedent. (**United States v. Johnson, 457 U.S. 537, 550 n.12(1982))**.  On April 25, 2025,  Judge Ellison wrote that, " an **effective notice** of appeal strips district courts of jurisdiction to grant a Rule 60(b) motion; however, a district court can grant a Rule 60 (b) motion and the appellant may then make a motion to the Court of Appeals for a remand. Judge Ellison denied the motion claiming there was no fraud; which contradicted the April 17, 2025 and the February 20, 2025 non-certified dismissal.

In denying the motion, the district court cited "**Dominguez v. Gulf Coast Marine & Associates,, 607 F. 3d. 1066, 1073 (5th Cir. 2010)"**. While the facts in the Dominguez case did address fraud and appellate procedural options, this case was not applicable to the situations that plaintiff was facing.  At the time that the

district court was using the Dominquez case, the district court had failed to certify

all claims under Rule 54(b) which would have rendered the Dominquez case

explanation and appellate options as moot if the appeal court had no jurisdiction on

any claims.

In the **May 8, 2025  order,**  the district court entered the following explanation for

his dismissal of all claims, "for reasons set forth in a **hearing** (which includes

failure to state a claim, duplicative allegations of earlier asserted claims in a

previously filed and pending lawsuit, qualified immunity, absolute immunity), final

judgment is hereby Entered".

**Once again, the district court has created an order based on conclusory**

**language to deceive the court rather than include specific facts and law to**

**support his order. The May 31, 2018 document is a fraudulent document as**

**verified (ROA.1370-1372). Here, the district judge admits to using a**

**fabricated government record as justification to dismiss plaintiff's lawsuit.**

**This order represents fraud on the court and judicial complicity in tampering**

**with a government record which is criminal in a federal proceeding**. In

addition to this legal error, the district court engaged in improper ex parte

communication with **Judge Hoyt** which triggered a summary judgment. Finally, plaintiff claims that the explanation offered violated the party presentation rule.

According to **Scanlan v. Texas A&M Univ., 343 F. 3d. F. 3d. 533, 537 (5th Cir. 2003)**, the district judge had a duty to affirmatively show on the record that he excluded the outside information, i.e. duplicative allegations of earlier asserted claims in a previously filed and pending lawsuit. The district judge failed to disavow the use of outside information in his order and failed to notify the plaintiff; therefore, he violated 12(b)(6) by not converting to a 12(d).  In **Fernandez-Montes v. Allied Pilots Ass'n, 987 F. 2d. 278, 284 n.8 (5th Cir. 1993),** the court stated that, "The court may not take **judicial notice** of other court proceedings unless they are in the record, and even then must give the plaintiff notice."  The district court failed to avail himself of either of these due process safeguards. Instead, he remained silent when he had a duty to speak and document.

The duplicity that the district court referred to was  a mischaracterization of the facts associated with this lawsuit and others. Each lawsuit was based on new acts of retaliation. Over a span of three federal judges:  **Judge Hughes**, **Judge Hoyt,** and **Judge Ellison,  these judges** were responsible for perpetuating the fraudulent concealment of government records **by denying the plaintiff (appellant) an**

**evidentiary hearing** which as demonstrated lead to the further perpetuation of retaliation and judicial abuse under the continuous tort violation theory.  In the pending case with Judge Hoyt, **no evidentiary hearings were held**. In the current case, **the district judge denied the plaintiff an evidence hearing.** This serial denial or intentional pattern of denying plaintiff an evidentiary hearing on allegations of fraud and fabricated evidence reflects a judicial bias and a **violation of plaintiff's 5th amendment rights.**

In the **Armstrong v. Manzo, 380 U.S. 545 (1965) case**, an evidentiary hearing is required when  factual disputes exist and property or liberty interests are at stake (plaintiff's stigma plus claims). In the present case, as in others, the court's failure to intervene as a neutral arbitrator embolden defendants' to continue retaliating. The **Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018) case**, addresses the subject matter of public, police, political, and judicial corruption and the retaliation that an individual is subjected to for exercising his or her first amendment right. Plaintiff has consistently pleaded first amendment retaliation claims for exposing institutionalized police corruption for three decades driven by the City of Houston's police code of silence.

CONCLUSION

Plaintiff claims that he has been subjected to the perfect storm when court officers use the law to deprive plaintiff of his constitutional rights. The cornerstone of judicial integrity is its impartiality. Plaintiff claims the district court has denied him that impartiality.  And therefore, the court's failure to be neutral has led to a perfect storm of judicial nonfeasance.

## J. HOUSTON POLICE CODE OF SILENCE

For over 30 years, Plaintiff has claimed that the Houston Police internal affairs unit has placed false documents in his IAD records which he has never seen. These documents have been used over and over again in violation of plaintiff's liberty and property interest(s) particularly as it relates to defendants' unconstitutional stigma plus smear conspiracy. The "**quid pro quod retaliation**"  is the direct (economical harm) one suffers for engaging in a protected act that exposes the government of wrongdoing. In the present case,  the district court's failure to conduct a  fact-specific analysis of the pleading was tantamount to rewarding  the Houston Police Department for fabricating evidence and placing false reports in my internal affairs file.

The district court's sua sponte dismissal of the complaint with prejudice was not based on merit but fraud and constitutes a **judicial endorsement of a broader**

**conspiracy to conceal and perpetuate unlawful acts under the color of law** by government officials and their proxies.  The police code of silence is an unofficial policy, practice, custom which is used to retaliate against officers for reporting police misconduct and used to simultaneously **shield or protect** the wrongdoers. This same parallel existed  in the district court. In policing,  the police department will never investigate a misconduct complaint against another office. In court, the model has been …..the district court will not conduct an evidentiary hearing to expose police or judicial corruption. The code of silence remains the same whether it is applied in policing or the court. It is part of a quid pro quod protection scheme; that is no different from the "Omerta"  or a tribal mentality. HPD's  code's conditions of secrecy has allowed for the retaliation to be unknown for three decades.


 The district court's actions violated fundamental principles of due process and demonstrated a **premeditated effor**t to shield defendants from accountability. This conduct deprived Appellant of access to a fair adjudicatory process and allowed public and private actors to be **insulated themselves** by denying plaintiff any form of disclosure or discovery.  Under these circumstances, justice is untenable when rules meant to ensure fairness are used as instruments of control, neutrality is forsakened for group allegiance, and the truth is buried because of silence.

## K. IMPROPRIETY OF SUA SPONTE DISMISSAL WITHOUT APPELLEE RESPONSE TO AMENDED COMPLAINT

Plaintiff was ordered to amend his complaint. But once the complaint was amended, the district court immediately dismissed it without prior notice.

Plaintiff has pleaded in this appeal that the court used **matters outside the pleadings** in their Rule 12(b)(6) dismissal for failure to state a claim which legally triggered a Rule 12(d). (**Fernandez-Montes v. Allied Pilots Assn, 987 F.2d. 278, 283 (5th Cir. 1993)); however, he denied a notice for summary judgment and allowed discovery.** Under a 12(b)(6), a sua sponte dismissal without notice is a due process violation (Bazrowx v. Scott, 136 F.3d. 1053 (5th Cir. 1998)) for plaintiff. Plaintiff was subject to an "injury in fact" based on the due process deprivation of his "right to be heard" and have his claims adjudicated fairly without judicial bias.

Plaintiff's injury in fact included: improper joint discovery stay, fraudulent concealment by defendants of material information supportive of his claims, i.e. Experian informing employees not to provide plaintiff with disputed investigation results for over a whole year, improper ex parte communication with defendants

and Judge Hoyt, using information outside the four corners of the complaint, i.e.
May 31, 2018 fabricated evidence and material associated with plaintiff internal
affairs file, judicial bias, i.e. fabricated FOIA order,  fraud on the court, denial of
evidentiary hearing addressing defendants' fabricated evidence, denied an
opportunity to respond, denied an opportunity to correct deficiencies, denied an
opportunity to respond to the grounds of dismissal, denied access to the courts to
vindicate constitutional violations, and denied the opportunity to develop his
claims.  Under **Mathews v. Eldridge, 424 U.S. 319 (1976)**, these deprivations
were violations of plaintiff's due process because he was deprived before he was
given a meaningful opportunity to be heard at a meaningful time in a meaningful
manner. Under **Christopher v. Harbury, 536 U.S. 403, 414 -15 (2002),** the denial
of meaningful access to the courts is itself a constitutional tort under the first and
fifth amendments. As a result of these due process violations, plaintiff has pleaded
injury in fact in areas such as financials, credit, psychological, emotional,
reputational, employment related, and property, i.e. stigma plus claim.

While these concerns have been argued, Plaintiff now asks what  role do appellees
play in this appeal. **Plaintiff argues that since they did not respond to the
amended complaint defendants have no affirmative defenses.  At variance
with my position,   U.S. v. American Ry. Express Co., 265 U.S. 425 (1924),**

**states that appellees can defend the judgment on any ground supported in the record. Once again, Plaintiff disagrees. Plaintiff disagrees because the record in this case reflects fraud.** The fraud in this case compromised the court's ability to operate in an impartial manner; therefore, U.S. v. American Ry. Express Co. (1924) does not apply when the judgment was based on fraud which breached the integrity of the court. (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

Plaintiff claims that the district court deliberately engaged in numerous acts of deception. The sua sponte blanket dismissal served no other purpose but to conceal the failure of the district court to provide a complete "fact claim analysis" for each defendant prior to dismissal. Throughout this brief, the plaintiff has pleaded various forms of fraud such as fraudulent concealment and fabricated evidence with respect to documents.

In addition to this fraud, plaintiff has pleaded procedural fraud such as filing false motions and orders, falsifying and concealing docket entries, engaging in ex parte communication, i.e. violating substitution rules for attorneys, violating recusal motions, i.e. Tex.R.Civ.P. 18a (f)(1)(A), and violating statutory docket entries by removing evidence. These acts of procedural fraud by defendants were meant and

did subvert the integrity of the court's judicial function; thereby, constituting fraud on the court. Based on such documented fraud within this case, plaintiff would be opposed to allowing appellees a second bite of the apple when they acquiesced to the initial fraud as beneficiaries.

Also, plaintiff argues that appellees acquiesce to fraud in the record was part of a conspiracy that supported the sua sponte dismissal where the Judge could use the law ( judicial immunity) to break the law. In other words, the district judge engaged in **"color of law abuse", fraud on the court, and judicial usurpation of power, i.e. committing judicial acts by ignoring mandatory procedural requirements. United States v. Throckmorton, 98 U.S. 61 (1878); United States v. Beggerly, 524 U.S. 38 (1998), by articulating legal authority but engaging in constitutional violations or engaging in fraud on the court** .

Also, plaintiff further argues that the sua sponte dismissal violated the party presentation rule. In **Greenlaw v. United States, 544 U.S. 237, 243 (2008)**, the court stated that **it is not the role of the court to construct defenses on behalf of silent parties.** In this case, circumstantial evidence suggests that the district court acted as a prosecutor and abandoned the status of being a neutral arbiter.

Finally**,** plaintiff further claims that the sua sponte decision also violated **Brewster v. Dretke, 587 F. 3d 764, 769 (5th Circuit, 2009) by using fraud on the court and judicial usurpation of power to** obstruct plaintiff from developing his best case.  According to Brewster v. Dretke (2009), dismissal with prejudice is appropriate only if the court determines that the plaintiff has alleged his "best case". In neither of the dismissal orders dated February 20, 2025 and May 8, 2025, did the district court **satisfy the requirement that the court identify the legal deficiencies for each claim** in the old complaint as well as the new amended complaint.  In closing, the absence of a complete and accurate record makes it a challenge to properly argue this appeal.

## XII. CONCLUSION

While this case focuses on a *sua sponte* dismissal with prejudice for failure to state a claim, it raises serious ethical concerns about the integrity—or lack thereof—within the institutions of justice. This case shows that the Judiciary, a part of our government, does not want citizens to expose government misconduct, fraud, and or corruption.

Judge Ellison and his colleagues were told to cancel Dr. Hall. Our education system is not intended to produce critical thinkers.  Notwithstanding the fact that Dr. Hall's constitutional rights have been violated, the Judiciary simply ignored the

preponderance of evidence which contradicted any false statements placed in his internal affairs file. The evidence and the pleadings support how the district court's judicial bias mishandled this case.

Dr. Hall contends that his case is about political retaliation for exercising his first amendment right to improve policing and to challenge systems that are dysfunctional due to failed leadership. A leadership that is characterized by a "we" versus "them" mentality that will weaponize a code of silence retaliation conspiracy scheme against any one who reports public corruption. Plaintiff claims the code is motivated by politics. The shift in non-judicial conduct by the district court was also based on the same political mandate, but not the law.

In The Supreme Court (2001),  **Chief Justice William Rehnquist**,  stated that the purpose of **judicial independence** is not to **shield judges** from lawsuits for erroneous decisions, but to protect the Judiciary from **external political pressures** that would compromise its ability to decide cases solely on the basis of law.

As a result of politics,  the following list of **verifiable fraudulent government documents** were rendered moot due to an improper sua sponte dismissal shielding defendants from liability:  the May 31, 2018 document issued by Police Chief Acevedo; April 25, 2023 (Mr. Zapata); October 3, 2022 (Officer Cromwell); August 1, 2022 (Judge Willett); January 17, 2025 (Attorney Wilson); January 17,

2025 (false statement by Attorney Zahn); February 5, 2025 (Mr. Zapata); May 1,

2018 (City of Houston, OR-2018-19079, Attorney General Opinion); September 2,

2021 (OR-2021-24117, Attorney General Opinion); February 20, 2025, April 17,

2025, April 25, 2025, and May 8, 2025 (Judge Ellison's Orders); and May 6, 2021

(Judge Hughes, Exhibits 1, 2, 3), DOE student loan fraud, fabricated orders, on

February 20, 2025,  on April 17, 2025, on April 25, 2025, and on May 8, 2025.

Plaintiff argues this appeal is to reclaim his constitutional rights that have been

stolen.

## XIII. CERTIFICATE OF COMPLIANCE

This brief exceeds the typical 13, 000  word limit under  FRAP 32(a)(7)(B)).

The current word court is 17, 103, excluding exempted parts.

_____

## XIV. CERTIFICATE OF SERVICE

Certifies that the brief was served on all parties, stating the method of service.

"I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of Court using the pro se portal which the understanding if approved the Clerk will notify all registered parties.

/s/ Dr. John E. Hall aka Dr. John "Jay" Hall, Pro Se

17818 Running Brook Ln., Spring, Tx. 77379

 Email: Jayearl2007@yahoo.com

 I **hereby certify that on this 16th day of June, 2025, a true and correct copy of the foregoing document was served upon all parties and counsel of record via their emails.**

 Christopher Dove      Chris.dove@troutman.com

Ghazal A. Vahora          ghaza@sraplic.com

Marrick Armstrong          marrick@srapllc.com

Rachel Susan Fraser          rachel.fraser@harriscounty.gov

Donald B. Hightower     donald.hightower@houstontx.gov

Eugene Xerxes Martin IV xmartin@mgl.law

Lisa Luz Parker               lisa.luz.parker@usdoj.gov

Michelle Taylor               michelle.taylor2@houstontx.gov

Whitney L. White              wwhite@sessions.legal

Steven R. Zahn               steve.zahn@troutman.com

Carlos Suazo               suazo94@yahoo.com

Joaquian Spikes             Pureurbanexcellence@gmail.com

Credit Acceptance          Mcayce@mcglinchey.com

Elissa Mohammed           Jbrucelaw@gmail.com

Newman Springs            hannah@newmansprings.com

Easy Pay Leasing          nicole.blackwood@easypayfinance.com